**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Milton Iturrios Romero, | No. CV-24-01602-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Synergy Restoration LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff Milton Iturrios Romero's Motion for Award of Attorneys' Fees and Costs pursuant to LRCiv 54.2(b)(2). (Doc. 17.) Defendants Synergy Restoration LLC, Bradley Schultz, and Sarah Schultz (collectively the "Defendants") failed to respond. For the following reasons, the Court will grant the Motion in part and deny in part.

## I.    BACKGROUND

The Court previously set forth the factual background of this case. (*See* Doc. 15.) As relevant here, Plaintiff worked for Defendants as a manual laborer from October 2023 through December 2023. (Doc. 15 at 1–2, 2 n.1.) On June 29, 2024, Plaintiff filed a Complaint with this Court, seeking relief for unpaid wages under the Fair Labor Standards Act ("FLSA"), the Arizona Minimum Wage Act, and the Arizona Wage Act. (Doc. 1 at 1–2.) Defendants were timely served on July 18, 2024. (Docs. 9–11.) *See* Fed. R. Civ. P. 4(m). Defendants failed to answer or otherwise respond by the August 8, 2024 deadline, *see* Fed. R. Civ. P. 12(a)(1)(A)(i), and the Clerk of the Court entered default

against Defendants on August 12, 2024 (Doc. 13). Plaintiff then moved for default judgment (Doc. 14), which this Court granted on January 6, 2025 (Doc. 15). Subsequently, Plaintiff filed the pending Motion for Award of Attorneys' Fees, requesting a total of $13,904.73. (Doc. 17 at 6.) This request includes $7,120.00 for Plaintiff's attorney Clifford P. Bendau's ("Counsel") billed hours, as well as $803.00 for out-of-pocket costs, and $5,981.73 for costs anticipated in efforts to collect the judgment. (*Id.*)

## II.    LEGAL STANDARD

The FLSA requires the Court award the prevailing party reasonable attorneys' fees. 29 U.S.C. § 216(b). Before the Court awards attorneys' fees, however, it must determine the prevailing party and whether the requested attorneys' fees are reasonable. LRCiv 54.2(c); *McGlothlin v. ASI Cap. Ventures LLC*, No. CV-19-04895-PHX-DJH, 2021 WL 857367, at *1 (D. Ariz. Mar. 8, 2021) ("A party seeking an award of attorney's fees must show it is eligible and entitled to an award, and that the amount sought is reasonable. . . . To be entitled to an award, Plaintiff must have prevailed in this matter.").

"District courts must calculate awards for attorneys' fees using the 'lodestar' method." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citation omitted). "Under this approach, a 'presumptively reasonable' fee award 'is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Coe v. Hirsch*, No. CV-21-00478-PHX-SMM (MTM), 2022 WL 508841, at *1 (D. Ariz. Jan. 21, 2022) (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008)). While in most cases the lodestar is presumptively reasonable, the Court may adjust the lodestar amount to account for the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Those factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience,

reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.*; *see also* LRCiv. 52(c)(3).

## III.    DISCUSSION

### A.    Eligibility for and Entitlement to Attorneys' Fees

For the purposes of the FLSA, the prevailing party is the one that "succeed[ed] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978)); *see also Haworth v. Nevada*, 56 F.3d 1048, 1052 (9th Cir. 1995) (applying the *Hensley* standard to analysis of whether the plaintiff is the prevailing party in an FLSA case). Courts in this district have held that where the filing of an action causes a defendant to pay unpaid wages, the plaintiff becomes the prevailing party and is thus entitled to attorneys' fees. *Aguirre v. Custom Image Pros LLC*, No. CV-23-00334-PHX-MTL, 2023 WL 5932805, at *2 (Sept. 12, 2023). Here, Plaintiff is a prevailing party because this Court granted default judgment in Plaintiff's favor, awarding the wages sought. (Doc. 15.) For this reason, the Court finds that Plaintiff is eligible and entitled to receive reasonable attorneys' fees. *See* 29 U.S.C. § 216(b).

### B.    Reasonableness of Requested Attorneys' Fees

#### 1.    Time and Labor Required

Plaintiff requests an award of $13,904.73. (Doc. 17 at 6.) This request includes $7,120.00 for Counsel's billed hours, as well as $803.00 for out-of-pocket costs, and $5,981.73 for costs anticipated in efforts to collect the judgment. (*Id.*) The Court must apply the lodestar approach to determine whether this request is reasonable. *Ferland*, 244 F.3d 1145 at 1149 n.4. To calculate the lodestar amount, the Court multiplies a reasonable hourly rate with a reasonable number of hours. *Coe*, 2022 WL 508841, at *1. "The party seeking an award of attorneys' fees bears the burden of demonstrating that the rates requested are 'in line with the prevailing market rate of the relevant community.'" *Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp 3d 468, 485 (D. Ariz. 2019) (quoting *Carson v.*

*Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006)). "The relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d 973 at 979 (citation omitted).

### i.   Reasonable Hourly Rate

In this case, Counsel charged an hourly rate of $445.00. (Doc. 17 at 6.) Counsel provides two orders where this Court found $445.00 to be a reasonable hourly rate for Counsel. (Docs. 17-2, 17-3.) *See also Romero v. Steel Roots LLC*, No. CV-23-01033-PHX-ROS, 2024 WL 2389353, at *2 (D. Ariz. May 23, 2024) (finding Counsel's hourly rate of $445.00 reasonable); *Heredia v. IPVision Inc.*, No. CV-24-00116-TUC-RCC, 2024 WL 3951980, at *2 (D. Ariz. Aug. 27, 2024) (same); *Ubinger v. Urban Housekeeping LLC*, No. CV-23-01802-PHX-ROS, 2024 WL 3045303, at *2 (D. Ariz. June 18, 2024) (same). The Court finds that Plaintiff has met his initial burden of demonstrating the reasonableness of Counsel's hourly rate.

### ii.   Reasonable Number of Hours

Next, the Court must consider whether Counsel expended a reasonable number of hours. *Coe*, 2022 WL 508841, at *1. The Court excludes attorneys' fees for clerical and administrative tasks. *See Gary*, 398 F. Supp 3d at 487; *see also Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them."); *Neil v. Comm'r of Soc. Sec.*, 495 F. App'x 845, 847 (9th Cir. 2012) ("[A] district court did not abuse its discretion in declining to award . . . attorney[s'] fees for purely clerical tasks such as filing documents and preparing and serving summons.").

Counsel asserts this case required 16.0 hours of his time. (Doc. 17 at 6.) Upon review of Counsel's time sheet, the Court finds Counsel billed for clerical and administrative tasks and will reduce Counsel's time for the following hours:

> 0.1 hours on June 15, 2024, for "[s]end representation agreement."
>
> 0.1 hours on June 15, 2024, for "[r]eceive signed agreement, create file."

0.1 hours on June 28, 2024, for "[s]end complaint to client for review & signature."

0.1 hours on June 29, 2024, for "[f]inalize, file complaint."

0.3 hours on July 10, 2024, for "[c]ompile documents, send to process server."

0.1 hours on July 10, 2024, for "[c]ommunicate with process server re service efforts."

0.1 hours on July 17, 2024, for "[r]eview Order to Show Cause."[1]

0.1 hours on July 18, 2024, for "[c]ommunicate with process server re service executed."

0.1 hours of 0.2 billed on July 19, 2024, for "[d]raft, file Magistrate Consent Form."

0.1 hours on August 10, 2024, for "[f]ile Service Executed."

0.1 hours on August 10, 2024, for "[f]inalize, file Application for Entry of Default."

0.1 hours on October 11, 2024, for "[f]inalize, file motion for default judgment."

0.1 hours on October 11, 2024, for "[e]mail Motion to Chambers and to Defendants."

0.1 hours on January 9, 2025, for "[f]inalize, file motion for attorneys' fees & costs."

(Doc. 17-4 at 2–3.) This Court has previously recognized these tasks as clerical or otherwise inappropriate for an award of attorneys' fees. *See, e.g.*, *Vazques v. Johnson*, No. CV-22-01720-PHX-MTL, 2023 WL 4205126, at *3 (D. Ariz. June 27, 2023) (deducting time spent on boilerplate client communication); *Aguirre v. Custom Image Pros LLC*, No.

---

[1] While substantive, the Court will not award attorneys' fees for performing work related to Orders to Show Cause issued against that party. *See Shorty v. Day & Night Medical Trans Inc.*, No. CV-23-00084-PHX-ASB, 2023 WL 9101629, at *3 (D. Ariz. Dec. 15, 2023), *adopted in full*, No. CV-23-00084-PHX-SMM (ASB), 2024 WL 50124 (D. Ariz. Jan. 4, 2024).

CV-23-00334-PHX-MTL, 2023 WL 5932805, at *3 (D. Ariz. Sept. 12, 2023) (deducting time spent filing motions); *Jimenez v. Terrific Tree Trimmer, LLC*, No. CV-22-01787-PHX-SPL, 2023 WL 4452077, at *2 (D. Ariz. July 11, 2023) (deducting time spent on standard service communications). Accordingly, the Court deducts 1.6 hours for these entries and determines that 14.4 hours reflects the reasonable amount of time spent on this matter. The revised total amount of Counsel's fees is $6,408.00 (reflecting 14.4 hours billed at $445.00 an hour).

### 2.    Novelty and Difficulty

Counsel concedes that the legal issues presented here are "not novel in this jurisdiction" and that the present claim is "straightforward." (Doc. 17 at 7.)

### 3.    Requisite Skill

The Court finds it takes a "moderate amount of skill to litigate FLSA cases." *Verduzco v. Value Dental Ctrs. Mesa W. AZ LLC*, No. CV-02380-PHX-DJH, 2022 WL 2718163, at *2 (D. Ariz. July 12, 2022) (determining that an Arizona minimum wage claim did not present any novel or difficult issues).

### 4.    Preclusion of Other Employment

Counsel concedes that he "was not significantly precluded from other work because of this representation." (Doc. 17 at 8.)

### 5.    Customary Fee

Counsel asserts that his hourly rate of $445.00 is reasonable. (Doc. 17-5 at 4.) The Court agrees. *See, e.g.*, *Romero v. Steel Roots LLC*, 2024 WL 2389353, at *2.

### 6.    Fixed or Contingent Fee

Counsel worked on a contingency basis, requiring 40 percent of the total recovery. (Doc. 17-1 at 3.)

### 7.    Time Limitations

Counsel concedes that there were no time limits imposed on this matter. (Doc. 17 at 10.)

. . . .

**8.    Amount Involved and Results Obtained**

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. . . ." *Hensley*, 461 U.S. at 435–36. Here, Plaintiff received $12,603.90 for his unpaid wages. (Doc. 15 at 12.) The Court therefore finds Plaintiff obtained excellent results.

**9.    Experience, Reputation, and Ability of the Attorneys**

According to Counsel, his practice area remains exclusively within employment wage litigation, primarily under the FLSA. (Doc. 17-5 at 3.) He has practiced law since 2012 and litigated more than 600 lawsuits on behalf of employees in various jurisdictions. (*Id.* at 3–4). Counsel asserts that he has also been lead counsel "on more than 50 FLSA collective action matters." (*Id.* at 4.)

**10.    Undesirability of the Case**

Counsel does not label this case as particularly undesirable but notes the inherent risk involved with contingency fee cases, namely "[t]he low damages, the speculative amount of available fees, the opportunity cost of taking on a matter that did not result in payment, and the possibility of expending costs . . . that would have been lost in the event of non-recovery." (Doc. 17 at 12.)

**11.    Nature and Length of Relationship with Client**

Before the case at hand, Counsel had not represented Plaintiff. (Doc. 17 at 12.) This case has been on the Court's docket since June 2024. (*See* Doc. 1.)

**12.    Similar Awards**

Plaintiff contends that the requested fees "are based on the lodestar method and are consistent with Ninth Circuit authority and with fees awards decided in similar cases in this jurisdiction." (Doc. 17 at 12.) Additionally, Plaintiff referred this Court to a variety of cases for awards in actions of a similar nature in Arizona. (Docs. 17-2, -3, -6, -7.)

. . . .

. . . .

. . . .

### C.    Other Matters

#### 1.    Out-of-Pocket Expenses

Next, Plaintiff requests $803.00[2] for reimbursement of out-of-pocket costs incurred as actual litigation expenses. (Doc. 17 at 13–14.) Plaintiff seeks reimbursement for the filing fee and service costs. (*Id.* at 14 citing Doc. 17-4 at 4, 5.) Plaintiff attached a Notice of Electronic Filing from this Court detailing the receipt of $405.00 for the filing fee. (Doc. 17-4 at 4.) Plaintiff also attached an invoice for the costs associated with service for $398.00. (*Id.* at 5.) Those two costs total $803.00.

The Court agrees with Plaintiff that reasonable out-of-pocket costs related to the litigation can be awarded here. *Romero v. Steel Roots LLC*, 2024 WL 2389353, at *4 (citing *Van Dyke v. BTS Container Serv., Inc.*, Civil No. 08–561–KI., 2009 WL 2997105, at *2, (D. Or. Sept. 15, 2009)). The Court agrees that the filing fee and costs of service are reasonable out-of-pocket costs related to the litigation. *See, e.g.*, *id.*

#### 2.    Anticipated Collection Costs

Lastly, Plaintiff requests $5,981.73[3] for anticipated collection costs for the default judgment, award of attorneys' fees, and out-of-pocket costs. (Doc. 17 at 14–16.) Plaintiff explains that historically Counsel has requested a flat $2,000.00 fee from this Court for collection efforts. (*Id.* at 14–15.) Yet, Plaintiff notes that this Court has occasionally denied those requests as too speculative. (*Id.* at 15 citing Doc. 17-7.) Here, Plaintiff includes a breakdown and calculation of the anticipated collections costs. (*Id.* at 15–16.) Counsel explains that he normally engages Parker Law Firm P.L.C. (the "collections firm") to assist in collection efforts. (*Id.* at 15–16.) The collections firm charges 25 percent of the amount collected (Doc. 17-8). Plaintiff also asserts that the collection firm requires an $850.00

---

[2] Plaintiff first refers to his request for out-of-pocket expenses as $803.00 (Doc. 17 at 6) and uses $803.00 in calculating the total award sought (*see id.* at 16). But when Plaintiff argues for an award of out-of-pocket expenses, Plaintiff inexplicably requests $819.35. (*Id.* at 13.) Because an award of $803.00 is supported by Plaintiff's Motion and attachments, the Court assumes $803.00 is the amount sought.

[3] Plaintiff routinely refers to his request for anticipated collection costs as $5,981.73 (Doc. 17 at 6, 16) and uses $5,981.73 in calculating the total award (*see id.* at 17). But when Plaintiff argues for an award of anticipated collection costs, Plaintiff inexplicably requests $4,405.21. (*Id.* at 13.) Because Plaintiff's memorandum thoroughly explains the $5,981.73 figure, the Court will assume that this is the amount sought in anticipated collection costs.

retainer. (Doc. 17 at 15–16 citing 17-9). Here, Plaintiff anticipates the amount collected to be the default judgment ($12,603.90), attorneys' fees (now $6,408.00), and out-of-pocket expenses ($803.00)—a total of $19,814.90. Pursuant to the collection firm's fee structure and the Court's above adjustments, Plaintiff should now expect to incur an additional $5,803.73 in collection costs.

The Court finds this request speculative because anticipated collection costs simply are not ripe for award. As this Court recently explained, it is possible that Defendants may offer to pay before collection efforts commence in which case this Court would have greatly overstepped by awarding nearly $6,000.00 for collection efforts that might not occur. *See Vilchis v. Roman's Trans. LLC*, No. CV-24-01041-PHX-ROS, 2024 WL 4769782, at *4 (D. Ariz. Nov. 13, 2024). *But see Alvarez v. Talaveras Renovations LLC*, No. CV-23-02654-PHX-DWL, 2024 WL 1195462, at *2 (D. Ariz. Mar. 20, 2024) (finding an award of anticipated collection costs—$650.00 and 25 percent of the amount recovered—reasonable because the anticipated collection costs could be "mathematically calculated" and were "not speculative"). It is also possible that the collections firm might only need to send one letter to motivate Defendants to pay the award in full. *See Vilchis*, 2024 WL 4769782, at *4. In that case, an award of nearly $6,000.00 for drafting and sending one letter is clearly unreasonable. *See id.*

Until Plaintiff has actually incurred collections costs, this Court cannot be certain that it will award a reasonable amount, as it is required to do by statute. *See* 29 U.S.C. § 216(b). Accordingly, the Court finds an award of $5,803.73 in anticipated collection costs unreasonable. Plaintiff may seek collection costs if and when Plaintiff incurs them.

## IV.    CONCLUSION

On balance of the *Kerr* factors, the Court finds Plaintiff's request for attorneys' fees reasonable, absent the 1.6-hour deduction. The Court finds Plaintiff's request for out-of-pocket costs reasonable but finds Plaintiff's request for anticipated collection costs unreasonable. Therefore, the Court awards Plaintiff attorneys' fees of $6,408.00 and out-of-pocket costs in the amount of $803.00.

Accordingly,

**IT IS ORDERED** granting Plaintiff's Motion for Award of Attorneys' Fees and Costs (Doc. 17) in part as follows: Plaintiff is awarded $6,408.00 in attorneys' fees and $803.00 in out-of-pocket costs. The total award is $7,211.00.

**IT IS FURTHER ORDERED** that Defendants Synergy Restoration LLC, Bradley Schultz, and Sarah Schultz are jointly and severally liable for the full $7,211.00, plus interest accruing at the statutory rate, from the date of this Order.

Dated this 14th day of February, 2025.

Michael T. Liburdi
United States District Judge